DREW, E. HARRIS (Ret.), Associate Judge.
Minerva Gazdik and John Gazdik, her husband, sued Ford Motor Company and The Hertz Corporation, as the manufacturer and lessor respectively of a Ford Galax-ie automobile, for injuries received by Minerva Gazdik when the door of the automobile struck her when she was getting out of the front seat of the car. The complaint alleged the cause of the injury was the failure of the manufacturer to install *656 in this particular door a torsion bar spring which was in the other doors of the car.
The trial court entered a summary judgment against both Ford Motor Company, the manufacturer, and The Hertz Corporation, lessor, on the issue of liability. This .appeal is from that order.
At the conclusion of the hearing on the motion for summary judgment and after having announced that he would enter summary judgment against both defendants on the question of liability,[1] the court announced that at the trial the defendants would be permitted to show that the injuries were caused by reasons other than the defects in the door. The language of the court was:
“You can only show that it is from some other source. You have to show that this is a proximate cause. This is liability as far as your action is concerned on the complaint they made. If you show that the injuries came from another cause that hasn’t been ...”
The observation of the trial judge together with our conclusion from an examination of the affidavits and depositions lawfully before him [2] leads to the conclusion that the court erred in the entering of the summary judgment.
Plaintiffs’ evidence that the failure to install the torsion bar constituted a definite hazard to persons in the normal use of said vehicle for its intended purpose is negated by the affidavits of defendants’ expert witness that the failure to install such torsion bar does not constitute a hazard or a design deficiency and that the door would close without difficulty and without compromising the safety of a passenger entering or leaving a vehicle. This, then, presents a jury question. Moreover, the depositions and the inferences to be drawn therefrom as to the failure of the defendant Hertz to properly inspect the automobile is inconclusive and wholly insufficient to support a summary judgment on the question of liability. This, also, is a proper jury function. The basic question of whether the failure to install the torsion bar, even assuming it was a defective design or hazard which was the proximate cause of the plaintiff’s injuries, remains unanswered in the affidavits and depositions. The observation of the trial judge quoted above with respect to proximate cause is irreconcilable with the entry of the summary judgment holding the defendants liable for the injuries.
Reversed for further proceedings consistent herewith.

. Such order, of course, meant that the only evidence relevant or admissible at the trial would be evidence relating to damages.

. Our conclusion to reverse for the reasons stated here make it unnecessary to pass on the questions raised on this appeal regarding the hospital records.